UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mario Passante,<br>　　　　　　　　Plaintiff,<br><br>　　　- against -<br><br>Luzzo's 211, LLC, Michele Iuliano,<br><br>　　　　　　　　Defendants. | 20 Civ. 4771  (  )(  )<br><br>Complaint and Jury Demand |

Plaintiff, by his attorney, Michael G. O'Neill, alleges as follows:

1.	This in an action for money damages resulting from defendants' systematic and intentional violation of the Fair Labor Standards Act ("FLSA"), the New York State Labor Law and the New York Labor Department Regulations with respect to the payment of wages and the failure to provide notices to plaintiff as required by the New York State Labor Law and New York Labor Department Regulations.

2.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because defendants reside in the Southern District.

4.	Plaintiff Mario Passante is an individual and resides in the State of New York.

5.	Defendant Luzzo's 211, LLC is a New York limited liability company.

6.	Defendant Iuliano is an individual and at all relevant times was member of defendant Luzzo's.

1

7. Defendant Luzzo's 221, LLC owns and operates a restaurant (the "Restaurant") named "Luzzo's" located at 213 1st Avenue, New York, New York.

8. At all times, defendants have been engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

9. At all times, defendant Iuliano has been an employer within the meaning of the FLSA and the New York Labor Law, in that he has direct control and responsibility of the employment practices of the Restaurant.

10. In particular, during all relevant times, Iuliano hired and fired employees and established the rates of pay and the payroll policies of the employees of the Restaurant.

11. Plaintiff Mario Passante was employed at the Restaurant as a waiter beginning in May, 2019 and ending in March, 2020.

12. During his entire employment, plaintiff worked five days a week, beginning between 4 and 5 in the afternoon and ending between 11 and 12 at night.

13. During plaintiff's employment, defendants never paid him an hourly wage.

14. The only compensation that plaintiff received for his labor was the tips that patrons left.

15. Defendants' failure to pay plaintiff an hourly wage was knowing and intentional.

**Claim One**

16. Defendants failed to pay plaintiff the minimum wage to which he was entitled under the FLSA.

17. Defendants' violations of the FLSA, as described in this complaint have been willful and intentional.

18. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wages in accordance with 29 U.S.C. §§ 201 et seq.

19. As a result of the unlawful acts of defendants, plaintiff is entitled to recovery of unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### Claim Two

20. Defendants have failed to pay plaintiff the minimum wage to which he was entitled under the New York Labor Law and New York Labor Department Regulations.

21. Defendants' violations of the New York Labor Law and New York Labor Department Regulations, as described in this complaint have been willful and intentional.

22. As a result of defendants' willful violations of the New York State Labor Law and New York Labor Department Regulations, plaintiff has suffered damages by being denied minimum wages in accordance with Article 19 of the New York State Labor Law and supporting regulations.

23. As a result of the unlawful acts of defendant, plaintiff is entitled to recovery of his unpaid minimum wages, together with liquidated damages, prejudgment interest, attorneys' fees and costs.

### Claim Three

24. Defendants failed to provide the notices required by New York Labor Law

198.1-b.

### Claim Four

25. Defendants failed to provide the notices required by New York Labor Law 198.1-d.

WHEREFORE, plaintiff prays for all available relief under law and equity, including but not limited to a money judgment for his damages, liquidated damages under the FLSA, the New York Labor Law and New York Labor Department Regulations, penalties and fines provided for under New York Labor Law sections 198.1-b and 198.1-d, attorneys fees, costs, prejudgment interest at the New York State statutory rate, and any and all relief, damages, costs of any nature whatsoever available to plaintiff under any Federal or State law, whether such laws have specifically been identified herein, as a result of the events and transactions described herein, whether or not specifically prayed for.

Dated: New York, New York
      June 22, 2020

MICHAEL G. O'NEILL

_____
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## JURY DEMAND

Plaintiff demands trial by jury in this action.

Dated: New York, New York
June 22, 2020

                                                MICHAEL G. O'NEILL

                                                *[signature]*

                                                Attorney for Plaintiffs
                                                30 Vesey Street, Third Floor
                                                New York, New York 10007
                                                (212) 581-0990